UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

*IN RE:*

ROBERT D. DE ST. GERMAIN, SR.,  CASE NO. 24-12868
STACY L. DE ST. GERMAIN,
  Chapter 13
Debtors.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Debtors' Objection to the Proof of Claim ("POC") filed by Brenda de St. Germain (ECF Claim No. 21-1, 21-2). (Doc. 52). Proper notice of hearing was given and appearances were noted by Attorney Allyson Pearce as counsel for the Debtors, pro se Creditor, Brenda de St. Germain, and the Chapter 13 Trustee, Christopher T. Conte. Upon consideration of the POC, the record, and the parties' statements, this Court finds that the Debtors' Objection is due to be OVERRULED for the reasons below.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference by the District Court dated August 25, 2015. This is a core proceeding under 28 U.S.C. §157 (b)(2)(B).

1

FACTS

Robert D. de St. Germain filed the above styled Chapter 13 bankruptcy on November 12, 2024. Brenda L. de St. Germain ("Claimant") timely filed her proof of claim and amendment thereto ("POC") on January 16, 2025. (ECF Claims, 21-1, 21-2). The POC, as amended, was filed pro se, indicates that the Claimant is asserting a priority claim for domestic support in the amount of $40,000.00, and includes a copy of the Final Judgment ("Judgment") entered by the Chancery Court of Lawrence County, Mississippi on October 30, 2023. (*Id.*) The Claimant is the ex-spouse of Debtor, Robert de St. Germain ("Robert"). The Judgment reflects that the Divorce Decree entered on November 11,1999 required Robert to maintain life and health insurance on the Claimant "until such time as Wife indicates that she no longer desires said coverage or remarries . . . " As a result of Robert's failure to maintain the health and life insurance, the October 2023 Judgment entered by the Chancery Court ordered him to pay: (1) $20,000.00 as damages for his failure to maintain the medical insurance to that point; (2) $390.00 monthly to Claimant from November 2023 going forward in place of his obligation to maintain life insurance; and (3) $40,000.00 over eight years in monthly payments of $416.67. (*Id.*) The Order also states that. " . . . all provisions of this judgment shall be non-dischargeable in Federal bankruptcy proceedings . . ." (*Id.* at 24.)

At the setting, Brenda L. de St. Germain stated that: (1) in the 1999 Divorce Decree all she asked for was for Robert to maintain her health and life insurance; (2) he stopped paying it in 2018; (3) the Judgment is the result of his failure to provide the health and life insurance; and (4) the Judgment is non-dischargeable. Debtors' counsel contended that the Judgment should be treated as an unsecured debt.

2

# ANALYSIS

A properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. *Fed. R. Bankr. P. 3001(f)*. A party objecting to a proof of claim bears the burden of going forward with evidence sufficient to contest the validity or amount of the claim. *In re Barron*, 325 B.R. 17, 20 (Bankr. M.D. Ala. 2005). If there is no substantive objection to the claim, the creditor should not be required to provide further documentation because it serves no purpose. *In re MacFarland*, 462 B.R. 857, 880–81 (Bankr. S.D. Fla. 2011). If the objector presents evidence supporting its objection to claim, the ultimate burden of persuasion rests with the claimant to establish the validity of the claim by a preponderance of the evidence. *In re Chambliss*, 315 B.R. 166, 169 (Bankr.S.D.Ga.2004).

The Bankruptcy Code defines a domestic support obligation as, a debt that accrues before, on, or after the date of the order for relief that is:

> (A) owed to or recoverable by—
>
> (i) a spouse, former spouse, or child of the debtor ...
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
>
> (ii) an order of a court of record; or
>
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

*11 U.S.C. §101(14A)*.

Whether a given debt is in the nature of support is an issue of federal law. *In re Strickland*, 90 F.3d 444, 446 (11th Cir.1996). Although federal law controls, state law provides guidance in determining whether an obligation is in the nature of support. *In re Benson*, 441 Fed.Appx. 650, 651 (11th Cir.2011); *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir.2001). Courts have interpreted 11U.S.C. §101(14A) broadly, finding that it includes more than just the traditional debts stemming from alimony or child support. *In re Marshall*, 489 B.R. 630, 635 (Bankr. S.D. Ga. 2013)(holding divorce court's award of attorneys' fees was in the nature of support and entitled to priority under 11 U.S.C. §507(a)(1)); *In re Perlis*, 467 B.R. 240 (Bankr. N.D. Ga. 2012)(holding debtor's obligation to maintain life insurance policy was a domestic support obligation); *In re Hutchens*, 480 B.R. 374, 391 (Bankr. M.D. Fla. 2012)(finding that unpaid portion of a prepetition domestic support obligation including prepetition alimony, child support arrearages, attorney's fees, and court ordered sanction were non-dischargeable); *In re Baer*, 2009 WL 3296140 (Bankr.E.D.La.2009)(recognizing that a broad interpretation of DSO is warranted by the strong congressional policy favoring the enforcement of obligations for spousal and child support).

The Eleventh Circuit Court of Appeals has recognized that eight factors ("Benson Factors") are instructive when evaluating whether an obligation constitutes domestic support. *In re Benson*, 441 Fed. Appx. 650 (11th Cir. 2011) (citing, *In re McCollum*, 415 B.R. 625, 631 (Bankr. M.D. Ga. 2009). They include: (1) the language used; (2) the parties' financial positions; (3) the amount of the division; (4) whether the obligation ends upon death or remarriage of the beneficiary; (5) the frequency and number of payments; (6) whether the agreement waives other support rights; (7) whether the obligation can be modified or enforced in state court; and (8) how the obligation is treated for tax purposes.

As the POC here was timely filed, properly completed, and includes supporting documentation, it is entitled to prima facie evidentiary status under Bankruptcy Rule 3001(f). The Debtors' Objection does not dispute the terms of the November 1999 Divorce Decree requiring Robert to maintain life and health insurance on his ex-spouse or the 2023 state court Judgment entered for his failure to do so. Instead, he alleges that the POC should be treated as unsecured because "there was no domestic support or alimony ever[y] asked to be paid by the Debtor and nothing to secure the judgment by." (Doc. 52 at 2). Yet the specific language of the state court Judgment plainly reflects that the debt is: (1) to a former spouse; (2) incurred in connection with divorce decree or other order of court of record; and (3) arises from the Debtor's obligation to provide life and health insurance to the Claimant. Although the Debtor contends that the obligation to provide life and health insurance does not constitute spousal support, this Court disagrees. The label placed upon the obligation by the consent agreement or court order does not necessarily control. *In re Robinson*, 193 B.R. 367, 372 (Bankr.N.D.Ga.1996). When an obligation is imposed on the debtor as a means of providing support for the parties' children or former spouse, the court should find that the obligation is in the nature of support. *Id.* The language of the Judgment reveals the state court awarded the Claimant monetary damages to compensate her for the Debtor's failure to provide life insurance and health insurance. This Court finds that the health and life insurance coverage, although not termed "alimony" is nonetheless in the "nature of support".

Analysis of the relevant *Benson Factors* supports finding that the Judgment constitutes a domestic support obligation. Factors (1), (4), and (7) favor DSO treatment because the language of the Judgment indicates that the monetary award is to compensate the Claimant for the Debtor's failure to maintain life and health insurance, the 1999 Divorce Decree provided that such

5

obligation would end upon remarriage of the beneficiary, and the obligation was enforced in state court. Additionally, the intent of the state court was clear as it included language in the order providing that, its provisions "shall be non-dischargeable". Thus, the totality of the circumstances, warrants finding that POC is due to be allowed as filed.

## CONCLUSION

Based on the above, it is hereby ORDERED, ADJUDGED, AND DECREED that the Debtors' Objection to the Proof of Claim filed by Brenda de St. Germain is OVERRULED and the claim is allowed as filed.

Dated: November 20, 2025.

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE